Joseph A. Cox, S.
The testator’s will created a trust for the benefit of his son and authorized the trustees to deliver to the son, upon the latter’s written request, an amount of principal not exceeding one fourth of the trust principal1 ‘ upon his reaching twenty-five years of age ”. The son attained that age in 1949 but made no request for payment of any part of the principal until June 1, 1960. . It is suggested that by reason of the time lapse between the beneficiary’s twenty-fifth birthday and the date of the demand for payment of principal he had forfeited his right to make the request and the trustees’ authority to make payment had terminated.
The court finds nothing in the will indicative of a testamentary intent that a request for payment from the trust principal had to be made on the beneficiary’s twenty-fifth birthday or within any definitive period subsequent to the beneficiary’s twenty-fifth birthday. The right to ask for payment did not come into existence until that birthday but following that date there appears to be no reason why the beneficiary should be required to act promptly under penalty of forfeiture So long as the fund remained in the continuing trust it was the beneficiary’s prerogative to permit the entire fund to remain in trust or to demand partial payment. A delay in requesting payment operated to no one’s prejudice inasmuch as the remaindermen had *104 no right to demand payment of any principal amount until the termination of the trust and, absent any element of laches or estoppel involving prejudice to the interests of other parties, there is no apparent reason for depriving the beneficiary of this interest in his father’s estate.
Ordinarily the thinking of a testator who withholds principal funds from a descendant until the attainment of a certain age is that until arrival at such state of maturity the fund will be better administered by a trustee. Certainly if the testator felt his son competent to administer a fund at age 25 he would be no less competent to handle the fund at age 36. A contrary approach to the interpretation of this will and others expressive of like intent would be to require beneficiaries under penalty of forfeiture to demand funds at times when their financial, educational or physical conditions would prompt them, in the exercise of good judgment, to wait until a later time when problems of investment and management could better be resolved.
Submit decree on notice settling the account and construing the will as entitling the beneficiary to payment of the principal installment at this time.